UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NOYA DEATS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No. 1:16-CV-03129-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 19. Attorney D. James Tree represents Noya Deats (Plaintiff); Special Assistant United States Attorney Jennifer Ann Kenney represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits (DIB) on October 19, 2011, Tr. 174, alleging disability since January 17, 2006, Tr. 160-163, due to social anxiety, panic attacks, depression, suicidal ideation, explosive outbursts, general learning disability, dyslexia, and anxiety, Tr. 177. The

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

application was denied initially and upon reconsideration. Tr. 102-104, 106-107. Administrative Law Judge (ALJ) Virginia M. Robinson held a hearing on April 2, 2014 and heard testimony from Plaintiff, witness, Lawrence M. Deats, and vocational expert, Kimberly Mullinax. Tr. 37-84. The ALJ issued an unfavorable decision on November 20, 2014. Tr. 19-32. The Appeals Council denied review on April 28, 2016. Tr. 1-4. The ALJ's November 20, 2014 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 1, 2016. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 27 years old at the alleged date of onset. Tr. 160. Plaintiff graduated from high school in 1997. Tr. 178. She received her certificate in early childhood development in 2007 or 2008. Tr. 48-49. Her work history includes the positions of special education classroom aid and daycare worker. Tr. 204.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402

U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. § 404.1520(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On November 20, 2014, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from January 17, 2006, the alleged onset date, through June 30, 2008, the date Plaintiff was last insured.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful

activity during the relevant time period. Tr. 21.

At step two, the ALJ determined Plaintiff had the following severe impairments during the relevant time period: learning disorder and/or attention deficit disorder (ADD), anxiety disorder not otherwise specified (NOS), affective disorder NOS, and personality disorder NOS. Tr. 22.

At step three, the ALJ found that through the date last insured Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 22.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined that through the date last insured, she could perform a full range of work at all exertional levels and "[s]he was able to perform simple and routine tasks, consistent with unskilled work. She was able to tolerate occasional interaction with the public." Tr. 25. The ALJ identified Plaintiff's past relevant work as childcare attendant and found that Plaintiff was not able to perform this work during the relevant time period. Tr. 30.

At step five, the ALJ determined that through the date last insured, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of industrial cleaner, cleaner II, laundry worker, assembler, packing line worker, and cleaner/housekeeper. Tr. 31. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from January 17, 2006, the alleged onset date, through June 30, 2008, the date last insured. Tr. 31.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends (1) the ALJ erred by failing to consider whether

Plaintiff was disabled after her date last insured and failing to have a medical expert testify to infer an alleged onset date, (2) the Appeals Council erred by failing to consider and incorporate medical evidence submitted after the date of the ALJ's determination, (3) the ALJ erred in her treatment of the opinion of Sandra Saffran, Ph.D., ARNP, (4) the ALJ erred in her treatment of lay witness testimony, and (5) the ALJ erred in her credibility determination.[1]

## DISCUSSION

**A.    Disability Determination**

Plaintiff asserts that there is evidence supporting a finding of disability after the date last insured and that the ALJ was required to call a medical expert to infer an onset date. ECF No. 14 at 5-6.

Social Security Regulation 83-20 speaks to how the Commissioner establishes a disability onset date. "How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis." S.S.R. 83-20. In the case of mental disorders, determining the exact date of onset can be difficult. "Mental disorders may manifest themselves over a period of time. Consequently, the precise date of onset of a disabling psychological impairment may be difficult, or impossible, to ascertain." *Morgan v. Sullivan*, 945 F.2d 1079, 1081 (9th Cir. 1991). "If the 'medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 requires the administrative law judge to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination.'" *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998)

---

[1] When Plaintiff identified the issues in her briefing, she listed four. ECF No. 14 at 4-5. The Court has separated out the issues of the ALJ's treatment of medical opinions and lay witness evidence.

(quoting *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir. 1991)); *see also Morgan*, 945 F.2d at 1082-1083. More specifically, "[a]t the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred." S.S.R. 83-20. While this regulation states that the ALJ "should" obtain testimony from a medical expert, the Ninth Circuit has interpreted the "should" as a "must." *Armstrong*, 160 F.3d at 590 (*citing DeLorme*, 924 F.2d at 848). When the medical testimony is insufficient to determine an onset date, the ALJ can fulfill her responsibilities by "exploring lay evidence including the testimony of family, friends, or former employers to determine the onset date." *Armstrong*, 160 F.3d at 590.

However, when an ALJ determines that a claimant was not disabled at any time through the date of the ALJ decision, the question of onset date does not arise and S.S.R. 83-20 is not triggered. *Sam v. Astrue*, 550 F.3d 808, 810 (9th Cir. 2008). An ALJ must comply with S.S.R. 83-20 to develop the record to determine an onset date when there is "either an explicit ALJ finding or substantial evidence that the claimant was disabled at some point after the date last insured," *id*., and when there is ambiguity as to the date of onset, *see Armstrong*, 160 F.3d at 590.

In the *Armstrong*, 160 F.3d at 589, and *Morgan*, 945 F.2d at 1080, there was an explicit finding by an ALJ that Plaintiff was disabled after the date last insured. Here, there is no such finding by an ALJ. Instead Plaintiff simply asserts there is substantial evidence that Plaintiff was disabled at some point, pointing to the opinion of Sandra Saffran, Ph.D., ARNP penned after the date last insured. ECF No. 17 at 5-6. If there is substantial evidence that the claimant was disabled at some point after the date last insured, the question of onset date is raised. *Sam*, 550 F.3d at 810-811 *citing DeLorme*, 924 F.2d at 849. As discussed at length below, the ALJ gave the opinion of Dr. Saffran "minimal weight" and provided legally sufficient reasons to support her determination. Tr. 30. As such, the record does not contain substantial evidence that Plaintiff was disabled after the date last

insured. Therefore, the question of onset date under *Sam* is not triggered and the ALJ was not required to call a medical expert.

**B.     Evidence Submitted to the Appeals Council**

Plaintiff argues that the Appeals Council erred in failing to consider and incorporate an evaluation from Dr. Velkamp and treatment notes from Dr. Saffran into the record. ECF No. 14 at 6-7. Plaintiff contends that Dr. Velkamp's evaluation and Dr. Saffran's treatment notes that she submitted to the Appeals Council should be part of the administrative record before this Court. The Appeals Council did not associate Plaintiff's new medical evidence with the record, finding that they did not affect the ALJ's decision because they pertained to a period after the ALJ's decision. Tr. 2.

As an initial matter, the Appeals Council's denial of Plaintiff's request for review is not subject to judicial review. 42 U.S.C. § 405(g); *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) ("We have held that we do not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action.").

Secondly, because the Appeals Council did not associate this new medical evidence with the record, this evidence did not become part of the administrative record before this Court. *See Brewes*, 682 F.3d at 1161-1163 (concluding that new evidence became part of the record for judicial review where the Appeals Council incorporated the new evidence into the record and considered it in deciding whether to review the ALJ's decision). As such, this Court has nothing before it to review to determine if the evidence pertained to the period on or before the ALJ's decision as asserted by Plaintiff. ECF No. 14 at 6.

Because this Court does not have jurisdiction to review the Appeals Council's decision, and even if it had, there is nothing in the record to support Plaintiff's assertions, this argument fails.

C.   **Opinion of Sandra Saffran, Ph.D., ARNP**

Plaintiff asserts that the ALJ failed to properly consider the opinion of Dr. Saffran. ECF No. 14 at 7-13.

In her decision, the ALJ gave "minimal weight" to the December 2013 opinion of Dr. Saffran, because (1) there was no documented treatment involving Dr. Saffran in the record, (2) the reasons Dr. Saffran provided in support of her opinion were vague and conclusory, and (3) the opinion was inconsistent with evidence in the record. Tr. 30.

Before addressing the legal sufficiency of the reasons the ALJ provided for rejecting Dr. Saffran's opinions, the Court must first determine whether or not Dr. Saffran qualifies as an acceptable or non-acceptable medical source. Plaintiff asserts that Dr. Saffran is an acceptable medical source and qualified as an uncontradicted treating physician, requiring the ALJ to provide clear and convincing reasons to reject her opinion. ECF No. 14 at 8-9. In contrast, Defendant asserts Dr. Saffran is not an acceptable medical source and the ALJ was only required to provide germane reasons for rejecting her opinion. ECF No. 19 at 17.

Dr. Saffran's signature was followed by "Ph.D., ARNP," indicating she has a doctorate degree and is a nurse practitioner. Tr. 489. Defendant's briefing even provided a citation to the State of Washington's licensing website. This is not the first time Dr. Saffran's status as an acceptable medical source has been considered by this Court and she has been deemed a nonacceptable medical source. *See Catron v. Colvin*, No. 13-CV-03122, 2014 WL 5307459, at *5 (E.D. Wash. October 16, 2014); *Catron v. Colvin*, No. CV-12-3008-CI, 2013 WL 3884030, at *5, at *5 ((E.D. Wash. July 26, 2013); *Alexanderson v. Colvin*, No. 1:14-CV-3119-LRS, at *5 (E.D. Wash. May 13, 2015). Plaintiff argues that this Court has previously found a doctorate degree in psychology to be equivalent to a certified psychologist. ECF No. 20 at 1 *citing Wiltse v. Astrue*, No. CV-10-00154-CI, at *6

(E.D. Wash. October 4, 2011). However, the issue with Dr. Saffran's credentials is not her degree, but her licensing. *See* 20 C.F.R. § 404.1502(a)[2]. (The term "acceptable medical source" includes licensed physicians, psychologists, optometrists, podiatrists or speech-language pathologists.). While Dr. Saffran has a Ph.D., it does not appear that she is a licensed psychologist as required under the regulations. As such, her opinion must be treated as the opinion of a nurse practitioner, which results in the ALJ only needing to provide germane reasons for rejecting her opinion. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

### 1. Documented Treatment

The ALJ found that there was no documented treatment in the record showing that Dr. Saffran had any treating or examining relationship with Plaintiff. Tr. 30.

Examining relationship, treatment relationship, supportability, consistency, and specialization are all factors an ALJ is to consider when addressing the medical opinion of a non-acceptable medical source. 20 C.F.R. § 404.1527(f). Plaintiff alleges that treatment records were submitted to the Appeals Council, which were erroneously excluded from the record. ECF No. 14 at 9-10. As discussed above, this Court does not have jurisdiction to address errors on the part of the Appeals Council in its refusal to review the newly submitted treatment records. However, as the record currently stands before this Court, there is no treatment documentation from Dr. Saffran. As such, the ALJ's determination is

---

[2]The Social Security Administration has recently amended the Social Security Regulations so that advanced practice registered nurses and physician assistants are considered acceptable medical sources for claims brought after March 27, 2017. *See* 20 C.F.R. § 404.1502(a) (2017). Because Plaintiff filed her claim before this date, the amended version of the Social Security Regulations does not apply.

supported by substantial evidence and meets the germane standard.

### 2. Vague and Conclusory Statements

The ALJ found Dr. Saffran's "opinion of psychological disability consisted of vague and conclusory statements." Tr. 30.

The Ninth Circuit has held that an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Here, Dr. Saffran is not a physician or psychologist and her opinion is contained on a three page form without treatment records supporting her conclusions. Tr. 487-489. As addressed above, the ALJ is not required to meet the clear and convincing standard to reject her opinion. Additionally, the ALJ identified phrases used by Dr. Saffran that she deemed vague and conclusory: "[the claimant] tends to be quick to anger and leaves the session to calm down. She is difficult to treat using psychotropic medication due to her genetic profile." Tr. 30. Therefore, the ALJ's conclusion is supported by substantial evidence.

Considering the Ninth Circuit has recognized this as a sufficient reason to reject the opinion of a treating physician, it meets the standard necessary to reject a non-acceptable medical source. As such, this Court finds the ALJ's rationale sufficient.

### 3. Inconsistent with the Evidence

The third and final reason the ALJ provided for rejecting the opinion of Dr. Saffran, that her statements were inconsistent with Plaintiff's treatment records, examination findings, and activities, is legally sufficient. Inconsistency with the medical evidence is a germane reason. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

Here, the ALJ provided a citation to her decision in which Plaintiff's treatment records, examination findings, and activities were summarized and concluded that Dr. Saffran's statements were not consistent with these records. Tr.

30. Plaintiff argued that the evidence was not inconsistent and that the ALJ failed to set forth a detailed summary of the facts and the conflicting clinical evidence and state her interpretations. ECF No. 14 at 11-12.

However, the need to set out "a detailed and through summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings," is how an ALJ meets the specific and legitimate standard, *See Thomas*, 278 F.3d at 957, and not the germane standard. Here, the ALJ's summarization of the treatment records and her conclusion that it was inconsistent with treatment records is sufficient.

In conclusion, the Court finds no error in the ALJ's treatment of Dr. Saffran's opinion.

**D.     Lay Witness Testimony**

Plaintiff asserts that the ALJ failed to properly consider the statements from her husband, her mother, and her math tutor. ECF No. 14 at 14-17. Here, the ALJ considered the statements of Plaintiff's husband, Matthew Deats, mother, Rhonda Hill, and math tutor, Charlotte Kelly. Tr. 28-29. The ALJ gave "some weight" to these statements finding that the statements were inconsistent with the medical evidence and Plaintiff's activities. *Id*.

The ALJ can reject the testimony of a lay witness by providing germane reasons. *Dodrill*, 12 F.3d at 919. Inconsistency with the medical evidence is a germane reason for discrediting the testimony of lay witnesses. *Bayliss*, 427 F.3d at 1218.

Here, the ALJ pointed to specific medical records and activities that she found inconsistent with the lay witnesses' statements of Plaintiff's anxiety, attention, learning delays, and adaptation skills. Tr. 29. Plaintiff argues that the record can be read differently and the citations to the record the ALJ provided do not support her conclusions. ECF No. 14 at 17-18. However, it is not the Court's role to second-guess the ALJ's decision. *Morgan v. Comm'r of Soc. Sec. Admin*,

169 F.3d 595, 600 (9th Cir. 1999). Here, the ALJ provided legally sufficient reasons supported by substantial evidence to support her determination. As such, this Court will not disturb her findings.

**E.  Credibility**

Plaintiff contests the ALJ's adverse credibility determination in this case. ECF No. 14 at 17-20.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff less than fully credible concerning the intensity, persistence, and limiting effects of her symptoms. Tr. 26. The ALJ reasoned that Plaintiff was less than fully credible because her symptom reporting was contrary to (1) her education records, (2) her medical records, and (3) her work history. Tr. 26-28.

**1.  Education Records**

The ALJ's first reason for finding Plaintiff less than fully credible, that Plaintiff's allegations are inconsistent with her education records, is a specific, clear, and convincing reason to undermine Plaintiff's credibility.

Plaintiff argues that the ALJ misrepresented her education records and they actually support her assertions disability. ECF No. 14 at 17-18. However, a review of the records show that the ALJ was accurate. Her intelligence testing puts her in the low average range, but Dr. Lewis stated that "because of Noya's wide

range of subtest scores, her Full Scale Verbal and Performance Index scores are an underestimate of her true abilities. Her Verbal Comprehension score of 98 suggests that her general intelligence level is clearly within the normal range for her age." Tr. 249. She contributed positively to class and was receiving grades ranging from A to C. Tr. 251. While Plaintiff makes repeated citations to the record to support her interpretation of the evidence, this Court will not disturb the ALJ's determination. *See Tackett*, 180 F.3d at 1097 (If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ.).

### 2. Medical Records

The ALJ found that Plaintiff was less than fully credible, because the medical evidence was inconsistent with her allegations. Tr. 26-27.

Although it cannot serve as the sole ground for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Again, Plaintiff argues that in favor of a different interpretation of the evidence. ECF No. ECF No. 14 at 18-19. However, the ALJ made repeated citations to the record in support of her determination, Tr. 26-27, and this Court will not disturb a legally sufficient determination supported by substantial evidence. *See Tackett*, 180 F.3d at 1097.

### 3. Work History

The ALJ found that Plaintiff's ability to work prior to her onset date, complete her certification in early childhood education during the relevant time period, and babysit for multiple individuals during the relevant time period was inconsistent with her alleged disability. Tr. 28.

Generally, a claimant's ability to work can be considered in assessing credibility. *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But the fact that a claimant tried to work for a short period of time and

failed because of her impairments should not be used to discredit the claimant. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-1039 (9th Cir. 2007). In fact, evidence that a claimant tried to work and failed may support the claimant's allegations of disabling pain. *Id.* at 1038.

Here, Plaintiff testified that during the relevant time period, she attended college and received her certificate in early childhood education. Tr. 48-49. She also testified that she was babysitting in 2008. Tr. 45. Her husband reported that she was fired from this job. Tr. 338. She also testified that she attempted to work twice during the relevant time period and abruptly left both jobs after being hired due to feeling overwhelmed. Tr. 51-52. Her husband testified that she stayed home with their 21 month old son. Tr. 76. Despite the ALJ's assertions to that these activities are inconsistent with her reported disability, these activities show that Plaintiff attempted to work and that these attempts were unsuccessful. As such, this reason does not meet the specific, clear and convincing standard. *See Lingenfelter*, 504 F.3d at 1038-1039. However, any error resulting from the ALJ's reliance on this reason for finding Plaintiff less than fully credible is harmless error as the ALJ provided the previously discussed legally sufficient reasons for her determination. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (An error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination.").

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy

to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED September 6, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE